United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINICHINO, | No. C-11-05185 (DMR) |
| Plaintiff(s), | **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |
| v. | |
| FIRST CA REALTY, | |
| Defendant(s). | |

Plaintiff Marie Minichino, proceeding *pro se*, filed this action, along with an application to proceed *in forma pauperis*, on October 24, 2011. [*See* Docket Nos. 1, 3.] The court granted the motion proceed *in forma pauperis* three days later. [Docket No. 5.] The U.S. Marshals attempted to serve the summons and complaint upon the defendants, but failed because Plaintiff had provided incorrect addresses. [*See* Docket Nos. 8-10.] The Court sent Plaintiff a letter containing a self-addressed postage paid envelope on December 2, 2011, asking for the defendants' correct addresses. [Docket No. 11.] Plaintiff did not respond. On February 8, 2012, the court held a case management conference for this action. Plaintiff failed to submit the required case management statement or to appear at the hearing. [*See* Docket No. 13.] That same day, the court ordered Plaintiff to show cause by February 21, 2012 as to why it should not dismiss her case for failure to prosecute. [Docket No. 12.] Two days later, the court received a letter from Plaintiff in which she stated that

she was in bankruptcy proceedings. [Docket No. 15.] The court immediately stayed this action. [Docket No. 16.]

After more closely examining Plaintiff's complaint, the court realized that it improperly stayed the case given the nature of Plaintiff's claims, *see* 11 U.S.C. § 362, and lifted the stay on April 10, 2012. [Docket No. 19.] In that order, the court also instructed Plaintiff to provide the court with the defendants' addresses so that they could be served. [*See* Docket No. 19.] Plaintiff did not reply. On April 30, 2012, the court ordered Plaintiff to show cause by May 14, 2012 as to why the court should not dismiss her case for failure to prosecute. [Docket No. 21.] Plaintiff has not responded.

## I. Dismissal for Failure to Prosecute: Applicable Law

Before dismissing a case for failure to prosecute or to comply with a court order, the court must examine the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted); *accord Abalos v. Bank of Am. Home Loan Servicing*, No. 11-3150 SBA, 2012 WL 691768, at *1 (N.D. Cal. Mar. 2, 2012).

Plaintiff has consented to this court's jurisdiction [Docket No. 2] but has not served the defendants and made them party to the action. For the purposes of 28 U.S.C. § 636(c), "all parties have consented," and the court "'may conduct . . . all proceedings in [the] matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. 11-CV-8271, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (not reported in F. Supp. 2d) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C-10-4470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)).

## II. Discussion

An assessment of these factors weighs in favor of dismissal. Plaintiff's repeated failure to respond to court orders or to even provide the Court with the addresses needed to serve the defendants so that her case may move forward strongly implicates the public's interest in

expeditious resolution of the litigation. These same actions invoke the second factor, the court's need to manage its docket. *See Abalos*, 2012 WL 691768, at *1 (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (holding that noncompliance with court orders diverts "valuable time that [court] could have devoted to other major and serious . . . cases on its docket")). The third factor plays no role here, as no defendants have been served and made parties to the action. The fourth factor, by its nature, militates against dismissal. Turning to the fifth factor, the court has repeatedly warned Plaintiff of the potentially serious consequences of her continuing failures to fulfill her obligations as a litigant. [*See, e.g.*, Docket Nos. 11-12, 19, 21.] Nevertheless, she has chosen not to actively proceed with her case. *See Henderson*, 779 F.2d at 1424 (holding that warning party of consequences of "continuing dilatory preparation" sufficient to fulfill fifth prong). Weighing these factors together, the court finds dismissal warranted.

### III. Conclusion

For these reasons, the court dismisses this case without prejudice.

IT IS SO ORDERED.

Dated: May 16, 2012



DONNA M. RYU
United States Magistrate Judge