**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    MARIE MINICHINO,                              No. C-11-5185 EMC

9              Plaintiff,

10        v.                                        **ORDER GRANTING DEFENDANTS'**
                                                   **MOTION TO DISMISS**
11   FIRST CALIFORNIA REALTY, *et al.*,
                                                   **(Docket No. 33)**
12             Defendant.
     _____/
13

14

15        Plaintiff Marie Minichino filed suit against Defendant First California, Sherrie Faber, and

16   Dan Faber on October 24, 2011, asserting unspecified claims based in part on Defendant's alleged

17   breach of the parties' agreement for Defendants to sell Plaintiff's property.  Docket No. 1.  Plaintiff

18   seeks $2 million in damages based on, *inter alia*, Defendants' alleged mismanagement of the

19   property (*e.g.*, failing to lock the property after showings and trimming the trees too much, causing a

20   loss of privacy), as well as a lawsuit Defendant filed against Plaintiff in state court that allegedly

21   caused Plaintiff to lose her home.  Plaintiff asserts diversity jurisdiction and seeks to combine the

22   two lawsuits before this Court.

23        Although Plaintiff's complaint is unclear, this action appears to stem from the parties'

24   residential listing agreement in 2008, which granted Defendant the exclusive right to sell Plaintiff's

25   Marin property for $1.45 million.  *See* Request for Judicial Notice ("RJN"), Ex. 1A; *see also*

26   Plaintiff's Opposition ("Opp.") at 3.[1]  After Plaintiff allegedly breached that agreement, Defendant

27   _____

28        [1]  Although Plaintiff's complaint appears to allege that Defendants breached that agreement,
     her opposition suggests instead that the agreement never became an enforceable contract.  Opp. at 3.

United States District Court

For the Northern District of California

1  First California filed suit in state court for breach of contract in December 2008. RJN Ex. 1.

2  Plaintiff has recently removed that case to this Court, and the Court has granted First California's

3  motion to remand that action to state court based on, *inter alia*, lack of jurisdiction. *See First Cal.*

4  *Realty v. Minichino*, Case No. 12-3965, Docket No. 14 (N.D. Cal. Sept. 24, 2012).

5      Pending before the Court is Defendants' motion to strike pursuant to California's Anti-

6  SLAPP[2] statute, Cal. Code Civ. P. § 425.16, as well as a motion to dismiss. Pursuant to Civil Local

7  Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral

8  argument, and **VACATES** the hearing. For the reasons set forth below, the Court **GRANTS**

9  Defendants' motion to strike and motion to dismiss.

**I.    DISCUSSION**

10

11  A.    Motion to Strike

12      1.    Legal Standard

13      California Civil Procedure Code § 425.16 permits a defendant to bring an anti-SLAPP

14  motion in federal court against certain state law claims asserted by the plaintiff. This statute "was

15  enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression

16  through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th

17  Cir. 2001). It mandates that courts consider first, "whether the defendant has made a threshold

18  showing that the challenged cause of action is one arising from protected activity", and second, "[i]f

19  the court finds such a showing has been made, it then determines whether the plaintiff has

20  demonstrated a probability of prevailing on the claim." *Equilon Enterprises v. Consumer Cause,*

21  *Inc.*, 29 Cal. 4th 53, 67 (2002).

22      This District has previously noted that "[t]he constitutional right to petition includes the

23  basic act of filing [suit] and is thus protected activity under Section 425.16." *Sonoma Foods, Inc. v.*

24  *Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007) (quoting *Briggs v.*

25  *Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1115 (1999)); *see also Navellier v.*

26  *Sletten*, 29 Cal. 4th 82, 90 (2002) (same). With respect to the second requirement mandated by §

27

28      [2]  Strategic Lawsuit Against Public Participation.

United States District Court
For the Northern District of California

425.16, the Ninth Circuit has held that in order to establish the probability of prevailing, "the plaintiff must show that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 648 (9th Cir. 2009).

Section 425.16(g) "provides that the filing of an anti-SLAPP motion automatically stays all further discovery until the court rules on the motion." *Metabolife*, 264 F.3d at 846. In short, the statute "create[s] a default rule that allows the defendant served with a complaint to immediately put the plaintiff to his or her proof before the plaintiff can conduct discovery." *Id.* (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C.D. Cal. 1999)).

2.   <u>Application</u>

Defendant argues that Plaintiff's complaint must be stricken under the Anti-SLAPP statute. The Court agrees. The entirety of Plaintiff's allegations are reproduced below:

> PLAINTIFF HIRED FIRST CALIFORNIA REALTY TO SELL PROPERTY. PLAINTIFF NEVER RECEIVED A COMPLETE FILE OF LISTING FORMS. PLAINTIFF HOUSE WAS NEVER PUT ON MULTIPLE LISTING. LISTING WAS INCOMPLETE. PLAINTIFF NEVER RECEIVED A COMPLETE COPY OF THE LISTING, AS IT WAS INCOMPLETE, NOR RECEIVED A COPY OF WHAT PLAINTIFF SIGNED. PLAINTIFF'S HOME WAS SHOWN AND THE HOME WAS LEFT OPEN ON SEVERAL OCCA[]SIONS. DEFENDANT SHERRIE FABER ASKED TO CUT TREES AND WAS GIVEN SPECIFIC INSTRUCTIONS ON WHAT TO CUT FOR PRIVACY. TREES WERE DAMAGED. PRIVACY WAS LOST. PLAINTIFF'S MOTHER HAD BRAIN TUMOR AND COULD NOT CONTINUE WITH THE SALE UNDER THE UNPROFESSIONALISM OF SHERRIE AND DANE FABER AND NOTIFIED BY EMAIL THAT THE STRESS OF DYING MOTHER WAS TOO DIFFICULT TO CONTINUE WITH THE HOME SALE. DEFEND[A]NT CLAIMED HER EXPENSES WERE A FEW HUNDRED DOLLARS, IN AN EMAIL TO PLA[I]NTIFF. *DEFEND[A]NT SUED PLAINTIFF FOR $89,000 CLAIMING DAMAGES IN MARIN COURT. PLAINTIFF LOST HOME AS RESULT OF CONSTANT HA[]RASSMENT AND COSTS OF THE ABOVE LAWSUIT. PLAINTIFF WANTS THE TWO CASES COMBINED DUE TO THE AMOUNT OF THE SUIT AND THE FACT. LOST OF HOME AND CONTENTS DUE TO FORECLOSURE BECAUSE OF THE COST OF DEFENDING THIS SUIT. PLA[I]NTIFF IS SUING FOR 2MILLION TO INCLUDE LOSS OF MY HOME AND LOSS OF CONTENTS.* BECAUSE THE PLA[I]NTIFF LIVES IN HAWAII, JURISDICTION OF THE COURT IS PROPER AND DUE TO THE AMOUNT ASKED FOR IN RELIEF, PROPERTY IS 174 SAN CARLOS, SAUSALITO,CA

United States District Court
For the Northern District of California

1  NOW THE PLA[I]NTIFF LIVES IN HAWAII.  MOVING CASE
2  FROM MARIN.

3      . . . .

   *PLAINTIFF IS ASKING THE COURT TO AWARD 2*
4  *MILLION USD, FOR THE REPLACEMENT OF MY HOME AND ITS*
   *CONTENTS AS THE COST OF THE CASE MADE ME LOSE MY*
5  *HOME DUE TO ITS EXPENSES.*

6  Compl., Docket No. 1-2, at 4-5 (emphases added).

7      First, as Plaintiff herself admits in the complaint and in opposition, at bottom, her complaint

8  stems from the alleged harm caused by Defendant's lawsuit filed against Plaintiff in state court.

9  Such conduct is protected by the Anti-SLAPP statute.  *Navellier*, 29 Cal. 4th at 90.  Second, Plaintiff

10 cannot demonstrate a probability of prevailing on the merits because her allegations wholly fail to

11 state a claim as against any Defendant.  Plaintiff fails to allege even the most basic elements of a

12 plausible claim, such as identifying any cause(s) of action and describing each separate Defendant's

13 conduct that purportedly caused her harm.  Indeed, beyond the fact of the underlying suit itself,

14 Plaintiff offers no facts as to how Defendants' conduct in that suit caused her harm.  Plaintiff's

15 opposition sheds no further light on her complaint, as she merely argues that if Defendant First

16 California "had just acted in a professional manner, none of this should have occurred."  Opp. at 4

17 (referring to the loss of her home in 2010).  Accordingly, the Court **GRANTS** Defendants' motion

18 to strike under the Anti-SLAPP statute.

19     A prevailing defendant under § 425.16 is entitled to recoup its costs of suit.  Cal. Code Civ.

20 P. § 425.16(c) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover his

21 or her attorney's fees and costs."); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001)

22 ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney

23 fees.").  Accordingly, Defendants may seek fees and costs in accordance with Civil L.R. 54–1 and

24 54–5.

25 C.    Motion to Dismiss

26     1.    Legal Standard

27     Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon

28 which relief may be granted. Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6)

**United States District Court**
For the Northern District of California

1   challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. Symington*, 51 F.3d

2   1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all allegations of

3   material fact as true and construe them in the light most favorable to the nonmoving party, although

4   "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6)

5   dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not

6   contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is

7   plausible on its face.'"  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content

8   that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

9   alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S.

10  544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

11  more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting

12  *Twombly*, 550 U.S. at 556).

13       2.   <u>Application</u>

14       In the instant case, the Court finds that, even absent the Anti-SLAPP motion to strike,

15  dismissal or abstention would be warranted for two reasons.  First, abstention would be proper in

16  this case under the *Colorado River* doctrine.  "The *Colorado River* doctrine allows a district court to

17  stay or dismiss a federal suit due to the presence of a concurrent state proceeding for reasons of wise

18  judicial administration." *Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989) (internal citations

19  and quotation marks omitted).  The Ninth Circuit has

20         recognized eight factors for assessing the appropriateness of a
       *Colorado River* stay or dismissal: (1) which court first assumed

21         jurisdiction over any property at stake; (2) the inconvenience of the
       federal forum; (3) the desire to avoid piecemeal litigation; (4) the

22         order in which the forums obtained jurisdiction; (5) whether federal
       law or state law provides the rule of decision on the merits;   (6)

23         whether the state court proceedings can adequately protect the rights
       of the federal litigants; (7) the desire to avoid forum shopping; and (8)

24         whether the state court proceedings will resolve all issues before the
       federal court.

25

26  *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011) (internal citations  and

27  footnotes omitted).  In this case, each of the above factors is either neutral or weighs in favor of

28

**United States District Court**
For the Northern District of California

abstention.[3]  The state court action was filed in 2008, whereas this action was filed in October 2011. Both actions stem from the parties' residential listing agreement and each party's alleged breach thereof, and thus raise concerns over piecemeal litigation and inconsistent results.  In addition, the actions raise no federal claims, and there is no indication that the state court action cannot resolve all claims between the parties.  Indeed, Plaintiff has already filed counterclaims in the state court action. *See* RJN Ex. 3.  Plaintiff does no substantively respond to these points.  Moreover, the state court action is still pending, and as noted above, has recently been remanded to state court.  *See* Case No. 12-3965.

Defendant also claims Plaintiff's complaint is merely the latest attempt to delay adjudication of the state court breach of contract action, as Plaintiff has already attempted to evade service in that action and filed for bankruptcy  three times, each of which was dismissed and two of which specifically noted bad faith.  *See* RJN Exs. 5, 7, 10.  The most recent bankruptcy filing resulted in an order barring Plaintiff from filing another bankruptcy proceeding for one year.  *Id.* Ex. 10.  These facts suggest that Plaintiff has engaged in forum-shopping, or at least an attempt to delay the previously-filed litigation against her.  Additionally, Defendants point out that Plaintiff's claims arising out of the residential listing agreement are likely compulsory counterclaims that should have been asserted in the state court action long ago.  *See* Cal. Code Civ. P. 426.30(a) (" Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.").  Thus, to allow Plaintiff to proceed in federal court on such claims while related proceedings are still underway in state court would run afoul of the *Colorado River* doctrine.

Accordingly, given the pendency of the parallel state proceeding, the Court dismisses this suit under the *Colorado River* doctrine.  *R.R. St. & Co.*, 656 F.3d at 972-73 (affirming district court's decision to remand removed action and dismiss federal action under *Colorado River*

---

[3]  The only neutral factor is the relative convenience of the federal forum, as both the state and federal actions are in Northern California.

**United States District Court**
For the Northern District of California

1    doctrine).  Although a stay, rather than a dismissal, is typically appropriate in *Colorado River* cases,

2    in this case the alternate grounds for dismissal render dismissal appropriate.  *Cf. Attwood v.*

3    *Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989) ("We hold that the district court

4    should have stayed rather than dismissed Attwood's action [under the *Colorado River* doctrine].").]

5           Second, the Court finds dismissal is warranted under Rule 12(b)(6).  As stated above with

6    respect to the motion to strike, Plaintiff has failed to state a claim upon which relief can be granted.

7    Plaintiff identifies no causes of action, nor does she allege how Defendant's conduct was unlawful

8    and caused her harm.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (while "a

9    complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a

10   claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570

11   (2007)). Her opposition is similarly vague and sheds no further light on her potential allegations.

12   Plaintiff's complaint is therefore implausible and dismissal under Rule 12(b)(6) is appropriate even

13   apart from the motion to strike.[4]

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   ———————————————

28          [4] The Court declines to address Defendant's abstention arguments in light of its dispositive
     rulings.

## II.   CONCLUSION

For the foregoing reasons, Defendants' motions to strike and dismiss are **GRANTED**. Because "Plaintiff[] present[s] no evidence or argument suggesting that amendment would change the outcome . . . , leave to amend is denied as futile." *Graham-Sult v. Clainos*, C 10-04877 CW, 2011 WL 2531201, at *9 (N.D. Cal. June 24, 2011).[5]  Defendants may seek fees and costs in accordance with Civil L.R. 54–1 and 54–5.  The Clerk shall enter judgment and close the file.

This Order Disposes of Docket No. 33

IT IS SO ORDERED.

Dated:  September 24, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[5]  Plaintiff's motion for leave to file an amended complaint (filed after briefing was complete on the instant motion), Docket No. 57, does not change the Court's analysis.  Indeed, Plaintiff's proposed amended complaint merely contains additional conclusory allegations and confirms the fact that her claims arise from Defendants' state court lawsuit, which as noted above, the Court has just remanded back to state court.  Thus, leave to amend would be futile, as Plaintiff's recent filings confirm.  The Court therefore **DENIES** Plaintiff's motion for leave to file an amended complaint.