**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIE MINICHINO,                                    No. C-11-5185 EMC

        Plaintiff,

        v.                                          **ORDER GRANTING DEFENDANTS'
                                                    MOTION FOR FEES AND COSTS**

FIRST CALIFORNIA REALTY, *et al.*,                  **(Docket No. 60)**

        Defendant.
_____/

## I.    INTRODUCTION

Plaintiff Marie Minichino, a *pro se* litigant, filed suit against First California Realty, Inc., Sherrie Faber, and Dan Faber (collectively "Defendants") on October 24, 2011, asserting unspecified claims arising out of Defendants' alleged breach of a contract to sell Plaintiff's property located in Marin, California. *See* Compl. (Docket No. 1). Plaintiff's complaint asks for $2 million in damages based on, *inter alia*, Defendants' alleged mismanagement of the property during listing (*e.g.*, failing to lock the property after showings and trimming the trees too much, causing a loss of privacy), and harm resulting from a lawsuit Defendants filed against Plaintiff in state court that allegedly caused Plaintiff to lose her home and its contents. *Id.* Defendants filed a Motion to Dismiss and Motion to Strike the Complaint ("Mot. Strike") (Docket No. 33), which this Court granted by an order dated September 24, 2012 (Docket No. 58).

///

///

///

**United States District Court**

For the Northern District of California

Defendants' Motion to Strike was brought pursuant to California Code of Civil Procedure § 425.16, California's "Anti-SLAPP"[1] provision, which allows a prevailing defendant to recover attorney's fees and costs. *See id.* § 425.16 (c)(1). Now pending before the Court is Defendants' Motion for Attorney Fees and Costs ("Fee Mot.") (Docket No. 60), in which Defendants ask for a fee award of $12,813.00. Having considered the parties briefs' and accompanying submissions, the Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b). For the reasons set forth below, the Court **GRANTS** Defendants' motion and awards $12,813.00 in fees and costs.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges that she hired Defendants to sell real property located at 174 San Carlos Avenue in Sausalito, California. Compl. at 3. After entering into an exclusive Residential Listing Agreement, each party alleges that the other failed to fulfill its respective duties under the contract. *See* Compl.; *see also* Defendants' State Court Complaint ("Marin Compl.") (Docket No. 33, Ex. 1). Defendants thereafter filed a breach of contract action in Marin Superior Court seeking $65,576.50 in damages. Marin Compl. at 2. After filing a cross-complaint in the Marin action and three successive bankruptcy petitions in California and Hawaii,[2] Plaintiff filed the instant action.

In her complaint, Plaintiff alleges that the Defendants failed to adequately perform their obligations under the parties' 2008 Residential Listing Agreement, in which Ms. Minichino granted Defendants the exclusive right to sell Plaintiff's Marin property for $1.45 million. *See* Compl. at 3; *see also* Residential Listing Agreement (appended to Defendants' State Court Complaint as Ex. A). Plaintiff also alleges that she lost her home and its contents "as [a] result of constant harassment and costs of [Defendants' state court] lawsuit." Compl. at 3 (original in all caps). In her demand for relief, Plaintiff states that she "is asking the Court to award 2 million USD, for the replacement of

---

[1]  SLAPP is an acronym for Strategic Lawsuit Against Public Participation.

[2]  *See In Re Marie E. Minichino*, Bankruptcy Petition 10-12533, U.S. Bankruptcy Court for the Northern District of California; *In Re Marie E. Minichino*, Bankruptcy Petition 10-13020, U.S. Bankruptcy Court for the Northern District of California; *In Re Marie E. Minichino*, Bankruptcy Petition 11-01628, U.S. Bankruptcy Court for the District of Hawaii.

**United States District Court**
For the Northern District of California

1   my home and its contents as the cost of the case made me lose my home due to its expenses."

2   Compl. at 4 (original in all caps).

3           Defendants filed a Motion to Dismiss and Motion to Strike the Complaint, arguing that

4   Plaintiff's complaint violated California's Anti-SLAPP statute, and that it ought to be dismissed

5   pursuant to Fed. R. Civ. P 12(b)(6) for failing to state a claim upon which relief can be granted.  *See*

6   Mot. Strike.  This Court granted both motions,[3] denied Plaintiff leave to amend her complaint

7   because she failed to produce any "evidence or argument suggesting that amendment would change

8   the outcome,"[4] *see* Order Granting Defendants' Motion to Dismiss ("Order") (Docket No. 58) at 8

9   (quoting *Graham-Sult v. Clainos*, C 10-04877 CW, 2011 WL 2531201, at *9 (N.D. Cal. June 24,

10  2011)), and entered judgment in favor of the Defendants, *see* Judgment (Docket No. 59).  In granting

11  Defendants' Motion to Strike, the Court observed that "as Plaintiff herself admits in the complaint

12  and in opposition, at bottom, her complaint stems from the alleged harm caused by Defendant's

13  lawsuit filed against Plaintiff in state court," an act which is "protected by the Anti-SLAPP statute."

14  Order at 4 (citing *Navellier v. Sletten*, 29 Cal. 4th 82, 90 (2002)).  The Court further noted that "[a]

15  prevailing defendant under § 425.16 [the Anti-SLAPP statute] is entitled to recoup its costs of suit."

16  Order at 4.  Defendants now seek a fee award of $12,813.00 to recover their costs under that

17  provision.  *See* Fee Mot.  Plaintiff did not file an opposition to Defendants' motion.

18                                  **III.    DISCUSSION**

19  A.     Legal Standard

20          State law normally determines a party's entitlement to an award of attorney fees and costs.

21  *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 260 (1975) ("[I]n an ordinary

22

23          [3]  The Court dismissed Plaintiff's complaint under Rule 12(b)(6), in part, because:

24                  her allegations wholly fail to state a claim as against any Defendant.
                    Plaintiff fails to allege even the most basic elements of a plausible
25                  claim, such as identifying any cause(s) of action and describing each
                    separate Defendant's conduct that purportedly caused her harm.
26

27  Order Granting Defendants' Motion to Dismiss (Docket No. 58) at 4.

28          [4]  Plaintiff filed a Motion for Leave to file an Amended Complaint while the parties were in
    the midst of briefing Defendants' Motion to Strike.  *See* Docket No. 57.

diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (citations omitted).  Federal courts look to state law standards in weighing the merits of a motion for fees and costs under California's Anti-SLAPP statute.  *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220 (S.D. Cal. 2002) (granting award of fees and costs under § 425.16).  *See also U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999) (finding no "direct collision" between California's Anti-SLAPP statute and the Federal Rules such as would prevent its application in federal court).

"[A] prevailing defendant on a special motion to strike" brought under California's Anti-SLAPP statute "shall be entitled to recover his or her attorney's fees and costs."  Cal. Civ. Proc. Code § 425.16 (c).  *See also Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").  The award of attorney fees to the party bringing a successful special motion to strike under § 425.16 is "mandatory."  *Ketchum v. Moses*, 24 Cal.4th at 1131.  "The dual purpose of this mandatory attorney fee award is to discourage meritless lawsuits and to provide financial relief to the victim of a SLAPP lawsuit 'by imposing the litigation costs on the party seeking to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'"  *City of Los Angeles v. Animal Def. League*, 135 Cal. App. 4th 606, 628 (2006) (quoting *Ketchum v. Moses,* at 1131).

An award of attorney fees and costs must be reasonable.  *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995) ("We readily conclude section 425.16 similarly authorizes an award of *reasonable* attorney fees to the prevailing party.") (emphasis in original).  A court has broad discretion in determining the reasonable amount of attorney fees and costs to award.  *See Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 785 (1996).  However, a court must have "substantial evidence" before it to support the amount of fees awarded.  *See Macias v. Hartwell*, 55 Cal. App. 4th 669, 676 (1997).  "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to

**United States District Court**
For the Northern District of California

1  review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."

2  *Ketchum v. Moses*, 24 Cal.4th at 1132 (citations and quotation marks omitted).

3  B.  <u>Reasonableness of Requested Fee Award</u>

4      Defendants unquestionably prevailed on their special motion to strike, *see* Order, and are

5  therefore entitled to a reasonable award of fees and costs pursuant to § 425.16 (c).  Fee awards under

6  California's Anti-SLAPP statute are calculated using the "lodestar" approach.  *Ketchum v. Moses*,

7  24 Cal. 4th at 1136 ("we are persuaded that the lodestar adjustment approach should be applied to

8  fee awards under Code of Civil Procedure section 425.16").  To calculate the lodestar, "a district

9  court begins it[s] calculation of fees by multiplying the number of hours reasonably spent on the

10  litigation by a reasonable hourly rate."  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir.

11  2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "The resulting number is frequently

12  called the 'lodestar' amount.  *Id.* (citing *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986)).

13  "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in

14  order to fix the fee at the fair market value for the legal services provided."  *PLCM Group v.*

15  *Drexler*, 22 Cal. 4th 1084, 1095 (2000) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)).  Such

16  factors include "the nature of the litigation, its difficulty, the amount involved, the skill required in

17  its handling, the skill employed, the attention given, the success or failure, and other circumstances

18  in the case."  *Id.* at 1096 (quoting *Melnyk v. Robledo,* 64 Cal. App. 3d 618, 623-624 (1976)).

19      1.  <u>Number of Hours Expended</u>

20      For the purposes of calculating the 'lodestar' figure, the Court has discretion in determining

21  the number of hours reasonably expended.  *See Chalmers v. City of Los Angeles*, 796 F.2d 1221; *see*

22  *also Hensley v. Eckerhart*, 461 U.S. at 437 (stating that a district court has discretion in determining

23  the amount of a fee award which is "appropriate in view of the district court's superior

24  understanding of the litigation and the desirability of avoiding frequent appellate review of what

25  essentially are factual matters").  The fee applicant bears the burden of "documenting the

26  appropriate hours expended" in the litigation and therefore must "submit evidence supporting the

27  hours worked."  *Hensley*, 461 U.S. at 433, 437.  Reasonably expended time is generally time that

28  "could reasonably have been billed to a private client."  *Moreno v. City of Sacramento*, 534 F.3d

1   1106, 1111 (9th Cir. 2008).  To this end, the applicant must exercise "sound billing judgment"

2   regarding the number of hours worked, and a court should  exclude from a fee applicant's initial fee

3   calculation hours that were not "reasonably expended," such as those incurred from overstaffing, or

4   "hours that are excessive, redundant, or otherwise unnecessary."  *Hensley,* 461 U.S. at 433.

5        Unlike other fee shifting provisions, California's Anti-SLAPP statute allows a movant to

6   recover "only those fees and costs incurred in connection with the motion to strike, not the entire

7   action."  *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1362 Fn. 4 (2001).  *See also Lafayette*

8   *Morehouse, Inc. v. Chronicle Publ'g Co.*, 39 Cal. App. 4th 1379, 1383 (1995) ("the Legislature

9   intended that a prevailing defendant on a motion to strike be allowed to recover attorney fees and

10  costs only on the motion to strike, not the entire suit").  However, where a defendant files "motions

11  to strike and to dismiss" that are "based entirely on a common factual scenario . . . [a]ll expenses

12  incurred on common issues of fact and law qualify for an award of attorneys' fees under the

13  anti-SLAPP statute and those fees need not be apportioned."  *Kearney v. Foley & Lardner*, 553 F.

14  Supp. 2d 1178, 1184 (S.D. Cal. 2008) (noting further that "mere common issues of fact are

15  insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined").

16  *See also Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1223 (S.D. Cal. 2002) (holding that

17  where an "entire lawsuit is subject to the anti-SLAPP motion because all causes of action . . . relate

18  to free speech and all of the activity by [movant's] attorneys occurred in the context of, and were

19  inextricably intertwined with, the anti-SLAPP motion," then "[a]ll of [movant's] attorney fees and

20  expenses were incurred 'in connection with' the anti-SLAPP motion.").

21       In this matter, the Court finds that Defendants' motion to dismiss, brought simultaneously

22  with the motion to strike, was "inextricably intertwined" with Defendant's Anti-SLAPP motion.

23  The Court's pervious order granting both motions observed how both the motion to strike and the

24  motion to dismiss rested on a common factual scenario – that Plaintiff was allegedly harmed by

25  Defendants' prosecution of their breach of contract action in Marin Superior Court.  *See* Order at 4

26  ("beyond the fact of the underlying suit itself, Plaintiff offers no facts as to how Defendants' conduct

27  in that suit caused her harm").  The Court's analysis of each of Defendants' motions centered on

28  whether Plaintiff's complaint stated a valid cause of action.  *See* Order at 4 (granting Defendants'

United States District Court
For the Northern District of California

motion to strike under the Anti-SLAPP statute because "Plaintiff cannot demonstrate a probability of prevailing on the merits because her allegations wholly fail to state a claim as against any Defendant"); Order at 7 (finding "dismissal is warranted under Rule 12(b)(6)" because, "[a]s stated above with respect to the motion to strike, Plaintiff has failed to state a claim upon which relief can be granted."). Since the two motions were "inextricably intertwined," focusing on Plaintiff's charge that the state court action caused her some form of compensable harm, Defendants are entitled to recover the fees and costs incurred in bringing both motions. Further, Defendants are entitled to recover the fees and costs incurred in bringing the instant fee motion. *See Ketchum*, 24 Cal. 4th at 1141 ("an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16").

Defendants have submitted billing records for Nicholas A. Subias and Michael Betz, indicating that they spent a total of 27.4 hours on the motions to strike, dismiss, and the instant fee motion. *See* Declaration of Nicholas A Subias (Docket No. 61), Ex. A (providing 27.2 hours of time entries for Mr. Subias, and 0.2 hours for Mr. Betz). Given the disorganized nature of Plaintiff's complaint and her ill-defined claims, as well as the fact that litigating this case required counsel for Defendants to review not only the related state court action but also Plaintiff's three bankruptcy actions, the number of hours proposed by Defendants for inclusion in the lodestar figure appears reasonable. Defendants' detailed time records clearly show that the hours sought for inclusion in the lodestar pertain only to the three Anti-SLAPP related motions. While Plaintiff initiated this suit in October 2011, each of Defendants' time entries is dated June 27, 2012, or later (six days before the motions to dismiss and strike were filed). Considering the relatively limited duration of this case and the detailed nature of the billing records submitted by counsel, the Court finds that all 27.4 hours claimed by Defendants were both reasonably and  necessarily incurred in bringing the Anti-SLAPP motion.

     2.    <u>Hourly Fee Claimed</u>

In assessing a reasonable hourly rate for the lodestar figure, courts consider the prevailing market rate in the community for similar services by lawyers of "reasonably comparable skill,

experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96, and Fn. 11 (1984). The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "Affidavits of the [movant]s' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant]s' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The defendant may introduce rebuttal evidence in support of a lower hourly rate." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The burden is on the fee applicant to produce satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum,* 465 U.S. at 895 Fn. 11.

Here, Defendants propose hourly rates of $450 for Mr. Subias for work billed prior to July 1, 2012, the date his firm (Allen Matkins) introduced rate increases, and $480 for work billed after that date. Subias Decl. ¶ 8a. Mr. Subias is senior counsel at his firm and claims "extensive experience in litigating cases involving real estate contracts." *Id.* Defendants propose an hourly rate of $555 for Mr. Betz, who is a partner at his firm and claims "substantial experience in litigating cases involving the sale of real property." *Id.* ¶ 8b. The Subias declaration does not indicate how long each individual has been practicing law, nor does it cite to any published cases awarding attorney fees at the rates sought by these two attorneys. However, publically available California State Bar records indicate Mr. Betz has been practicing law for approximately fourteen years, and Mr. Subias has been practicing for almost nine years. The Subias declaration indicates that Defendants' counsel has "conducted a survey of market rates of similarly situated firms," and that based on the results of that survey, the hourly rates sought by these two attorneys "are at market rate" for the San Francisco area. *Id.* ¶ 9. The declaration further states that "the rates charged to Defendant[s] for legal services in this matter are the same rates that Allen Matkins regularly charges and collects from its other clients." *Id.*

Defendants have not provided results of their survey or any other market data showing "that the requested rates are in line with those prevailing in the community for similar services by lawyers

of reasonably comparable skill, experience, and reputation." *Blum,* 465 U.S. at 895 Fn. 11.  They

cite *Moore v. James H. Matthews & Co.*, for the proposition that counsels' customary billing rate is

the "best evidence of the prevailing market rate."  Motion for Fees and Costs at 6.  In relevant part,

*Moore* held:

> [a]n alternative approach to calculating fee awards, termed "lodestar"
> analysis, involves the calculation of a "lodestar" figure based on
> multiplying the number of hours expended by counsel times the
> prevailing billing rate for comparable legal services in the community.
> Unless counsel is working outside his or her normal area of practice,
> the billing-rate multiplier is, *for practical reasons*, *usually* counsel's
> normal billing rate.  Billing rates usually reflect, in at least a general
> way, counsel's reputation and status (i.e., as partner, associate, or law
> clerk).

*Moore v. James H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982) (emphasis added).  To say

that an attorney's normal billing rate *usually* is, *for practical reasons*, equivalent to "the prevailing

billing rate for comparable legal services in the community" does not necessarily establish that an

attorney's customary billing rate is the "best evidence of the prevailing market rate."

Defendants also cite *MBNA Am. Bank, N.A. v. Gorman*, 147 Cal. App. 4th Supp. 1, 13 (Cal.

App. Dep't. Super. Ct. 2006), a non-binding case from the superior court appellate division,[5] for the

proposition that a "moving party may satisfy its burden [to prove the appropriate market rate]

through its own affidavits, without additional evidence."  *Gorman*, in turn, cites to *Davis v. City of

San Diego*, 106 Cal. App. 4th 893 (2003), in which a California Court of Appeal rejected a

defendant's assertion that a trial court "should have required [plaintiff] to present evidence beyond

its counsel's declaration sufficient to show its 'requested rates' were 'in line with those prevailing in

the community for similar services by lawyers of reasonably comparable skill, experience and

reputation,'" because *Blum,* the case cited to for that proposition, "involved judicial interpretations

of federal statutory law" not at issue in that matter.  *Davis v. City of San Diego*, 106 Cal. App. 4th at

903 (citing *Blum v. Stenson*, 465 U.S. at 895-96 and Fn. 11).  However, even in *Davis*, the Court of

Appeal described how plaintiff had "submitted evidence that its counsel had ample experience in

---

[5]  *See Smith v. Novato Unified Sch. Dist.*, A122105, 2009 WL 1486727 at * 8 (Cal. Ct. App.
May 28, 2009) (Not Officially Published) ("[R]eliance on *Gorman* is puzzling for several reasons.
First, cases from the superior court appellate division are not binding authority.").

**United States District Court**

For the Northern District of California

1    [the relevant field of law]; [plaintiff's] counsel was one of a few California attorneys with practices

2    concentrated in that field of law; and counsel's $225 hourly rate had been determined to be

3    reasonable *in other matters*," in finding that the trial court's decision to award fees at that rate was

4    reasonable. *Davis v. City of San Diego*, 106 Cal. App. 4th at 904 (emphasis added). Defendants in

5    this matter have not submitted similar evidence substantiating the reasonableness of their claimed

6    hourly rates. Traced to their points of origin, Defendants' cited authorities do not support the

7    proposition that an attorney's customary billing rates are the "best evidence of the prevailing market

8    rate." Mot. for Fees and Costs at 6.

9         While it may be true that "[t]he value of an attorney's time generally is reflected in his

10   normal billing rate," *Mandel v. Lackner*, 92 Cal. App. 3d 747, 761 (Cal. Ct. App. 1979) *disapproved*

11   *of by Serrano v. Unruh*, 32 Cal. 3d 621 (1982), it remains the movant's burden to establish that such

12   a normal billing rate is reasonable. *See Blum v. Stenson*, 465 U.S. at 897 (the applicant for a fee

13   award carries the burden of showing that the claimed rate is reasonable). *See also Ketchum v.*

14   *Moses*, 24 Cal. 4th 1122, 1139 (2001) ("the reasonable hourly rate used to calculate the lodestar is

15   the product of a multiplicity of factors ... the level of skill necessary, time limitations, the amount to

16   be obtained in the litigation, the attorney's reputation, and the undesirability of the case," not simply

17   counsel's customary billing rate) (quoting *Margolin v. Regional Planning Com*. 134 Cal. App. 3d

18   999, 1004 (1982)) (internal quotation marks omitted). Without more information about prevailing

19   hourly rates of pay for attorneys in this market, Defendants' declaration alone does not provide this

20   Court with the requisite "substantial evidence" necessary to support a fee award. *See Macias v.*

21   *Hartwell*, 55 Cal. App. 4th 669, 676 (1997). *See also Ryan v. Editions Ltd. W., Inc.*, C 06-04812

22   PSG, 2011 WL 3207041 (N.D. Cal. July 27, 2011) ("The party seeking fees bears the burden of

23   establishing a right to them. The moving party must present 'substantial evidence' to meet the

24   burden.") (citing *Macias v. Hartwell*, 55 Cal. App. 4th at 676).

25        However, this Court can rely on its experience to conclude that the hourly rates requested

26   here are in line with fee awards made in other recent cases in the San Francisco area, and thus reflect

27   prevailing market rates. *See Ketchum v. Moses*, 24 Cal. 4th at 1132 ("The experienced trial judge is

28   the best judge of the value of professional services rendered in his court"). Considering Mr. Betz's

**United States District Court**
For the Northern District of California

1   fourteen years of practice and status as a partner in his firm, the Court finds that Mr. Betz's

2   requested rate of $555 per hour falls within the range of other recent fee awards in this district.  *See*

3   *e.g. Armstrong v. Brown*, 805 F. Supp. 2d 918 (N.D. Cal. 2011) (awarding $560 per hour in attorney

4   fees to a partner with fourteen years of experience); *Stonebrae, L.P. v. Toll Bros., Inc.*, C-08-0221-

5   EMC, 2011 WL 1334444 (N.D. Cal. Apr. 7, 2011) (awarding $520 per hour in attorney fees to a

6   partner with thirteen years of experience).  Similarly, in light of Mr. Subias's nine years of

7   experience and status as senior counsel at his firm, the Court concludes that his requested rate of

8   $450-480 per hour falls within the range of recent fee awards for attorneys of similar stature and

9   experience.  *See e.g. Californians for Disability Rights v. California Dept. of Transp.*, C 06-05125

10  SBA MEJ, 2010 WL 8746910 (N.D. Cal. Dec. 13, 2010) *report and recommendation adopted sub*

11  *nom. Californians for Disability Rights, Inc. v. California Dept. of Transp.*, C 06-5125 SBA, 2011

12  WL 8180376 (N.D. Cal. Feb. 2, 2011) (awarding $560 per hour in attorney fees to an attorney with

13  nine years of experience); *Armstrong v. Brown*, 805 F. Supp. 2d 918 (N.D. Cal. 2011) (awarding

14  $415 per hour in attorney fees to an attorney with nine years of experience).

15  C.   <u>Lodestar Figure</u>

16        Having concluded that Defendants' proposed hourly rates of pay accurately reflect market

17  rates that other similarly skilled attorneys would receive in this region, the hours claimed by

18  Defendants for these three motions result in an initial lodestar figure of $12,813.00.  Defendants'

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

time records and the declaration supporting their motion for fees and costs can be summarized as follows:

| Charges Billed prior to July 1, 2012 | | | |
|---|---|---|---|
| Attorney/Staff Member | Hours Worked | Hourly Rate | Total |
| Nicholas Subias | 11.8 | $450 | $5,310.00 |
| **Subtotal** | **11.8** | | **$5,310.00** |
| Charges Billed after July 1, 2012 | | | |
| Michael Betz | 0.2 | $555.00 | $111.00 |
| Nicholas Subias | 15.4 | $480.00 | $7,392.00 |
| **Subtotal** | **15.6** | | **$7,503.00** |
| **Total** | **27.4** | | **$12,813.00** |

Under California law, "the lodestar is the basic fee for comparable legal services in the community." *Ketchum v. Moses*, 24 Cal. 4th at 1132.  A court may adjust the lodestar "based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award."  *Id.* (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)).  Defendants' motion for fees and costs does not indicate that any adjustment to the lodestar is warranted so as to "fix [the] fee at the fair market value for [this] particular action." *Ketchum*, 24 Cal. 4th at 1132.  Nor has the Court's review of this case revealed any factor suggesting that an adjustment to the lodestar would be appropriate in this matter.  Although the Defendants' motion is styled as one for both "fees and costs," Defendants have not requested an award for costs.

## IV.   CONCLUSION

For the reasons stated above, this Court finds that Defendants have demonstrated their entitlement to receive a fee award under Cal. Code Civ. Pro. § 425.16.  The record shows that Defendants prevailed on their special motion to strike, and are therefore entitled to a mandatory award of reasonable fees and costs.  Defendants have submitted records adequately documenting the number of hours spent litigating their Anti-SLAPP motion.  Relying on the Court's experience in

1  adjudicating fee awards, the Court finds that Defendants' proposed hourly rates are consistent with

2  market rates that attorneys of similar skill, experience, and reputation would command in the San

3  Francisco Bay area.  Therefore Defendants' motion for fees and costs is **GRANTED**, and the Court

4  awards Defendants the sum of **$12,813.00.**

5       This Order disposes of Docket No. 60.

7       IT IS SO ORDERED.

9  Dated:  December 14, 2012

11                         EDWARD M. CHEN
                       United States District Judge

**United States District Court**
For the Northern District of California